IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**NICHOLAS DANIEL,**

    **Plaintiff,**

v.                                                                              **Case No.: 3:23-cv-00712**

**DEBORAH PREECE, Wayne County Prosecutor,**
**RICK THOMPSON, Wayne County Sheriff,**
**BILLY DELL RUNYON, Wayne County Magistrate,**
**TFC J. J. DEAN III, West Virginia State Police Trooper,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff, Nicholas Daniel, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that he was wrongfully arrested and imprisoned by Defendants—Wayne County Prosecutor Deborah Preece, Wayne County Sheriff Rick Thompson, Wayne County Magistrate Billy Dell Runyon, and West Virginia State Police Trooper TFC J.J. Dean III. (ECF No. 1). Pending before the Court are a Motion to Dismiss filed by Deborah Preece and Rick Thompson (ECF No. 24), and a Motion to Dismiss and Supplemental Motion to Dismiss filed by Billy Dell Runyon. (ECF Nos. 22, 27). This case is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motions to Dismiss filed by Defendants

1

Runyon, Preece, and Thompson, (ECF Nos. 22, 24); **DENY, as moot,** Defendant Runyon's Supplemental Motion to Dismiss, (ECF No. 27); **DISMISS** the complaint against the forgoing defendants and **REMOVE** them as parties in this civil action.

I.   **Relevant History**

Daniel's complaint alleges he was the victim of a wrongful arrest. According to the complaint, a West Virginia State Trooper, J. J. Dean III ("Dean"), filed a criminal complaint in November 2021 with the Wayne County Magistrate's Office, charging Daniel with battery and sexual abuse in the third degree. (ECF No. 1 at 1). The criminal complaint identified Daniel by name, date of birth, social security number, and driver's license number. (*Id.*). The criminal complaint was based on a report filed by Dean, which stated that the alleged crimes involved a 14 year-old juvenile. (*Id.* at 2). The Wayne County Sheriff's Department arrested Daniel on these charges in July 2022. (*Id.*). Upon arrest, Daniel was taken to the Sheriff's Department and then to the Western Regional Jail and Correctional Facility ("WRJ"). (*Id.*). The next morning, Daniel was arraigned before a county magistrate.  (*Id.*). At the arraignment, Daniel was not "asked about the validity of the charges." (*Id.* at 3). After his arraignment, Daniel was taken back to the WRJ, where he was housed with the general population, even though his charges included sex offenses against a minor. (*Id.*). Daniel felt anxious about the heightened risk to his safety. (*Id.*). Daniel remained at WRJ for nearly a week until his preliminary hearing. (*Id.*). At the preliminary hearing, Daniel was told his charges would be increased from misdemeanors to felonies. (*Id.*). Daniel returned to WRJ after the preliminary hearing, where he received a phone call from the Wayne County Prosecutor, Deborah Preece, informing Daniel that he had been wrongfully charged and would be released immediately. (*Id.*).

Daniel was released from jail, but the news of his arrest had already spread across

his home county, impacting his personal and professional life. (*Id.* at 4). Daniel alleges that, as a result of the wrongful arrest, he has suffered extreme distress and anxiety, and that the charges have negatively impacted custody hearings, job interviews, other criminal investigations, and his personal relationships. (*Id.*). He states he has become a target of gossip and slander, and that he has suffered both mentally and physically from the trauma inflicted by Defendants. (*Id.*). Daniel requests $150,000 in compensatory damages and $750,000 in punitive damages. (*Id.* at 5). His complaint does not specify whether he sues Defendants in their individual or official capacities.

Defendants Runyon, Preece, and Thompson filed motions to dismiss and accompanying memorandums of law. (ECF Nos. 22, 23, 24, 25). Defendant Runyon's motion to dismiss, filed December 28, 2023, asserts that Daniel's complaint fails to state a claim against him, as Runyon is entitled to judicial immunity for actions taken within his role as Wayne County Magistrate. (ECF No. 22). Defendants Preece and Thompson filed their motion to dismiss and memorandum of law on January 1, 2024. (ECF Nos. 24, 25). They argue that Preece is entitled to prosecutorial immunity, and that Thompson is entitled to qualified immunity because Daniel failed to make any specific factual allegations against Thompson. (ECF No. 25 at 4, 6). Further, to the extent that Daniel's complaint may assert official capacity claims against Defendants Preece and Thompson, they argue those claims are not permitted under West Virginia law, because neither the Wayne County Prosecutor's Office nor the Sheriff's Department are entities capable of being sued. (*Id.* at 8). Alternatively, they argue that Daniel has not alleged that any policy or custom of the Wayne County Prosecutor's Office or Sheriff's Department resulted in the alleged constitutional violations, and so he has not stated a claim for *Monell* liability. (*Id.* at 9).

On January 3, 2024, the undersigned entered a *Roseboro* order, giving Daniel through February 3, 2024 to respond to the motions to dismiss. Daniel did not file a response to either motion. On February 13, 2024, Defendant Runyon filed a supplemental motion to dismiss. (ECF No. 27). Runyon argues that Daniel's failure to respond to the motion to dismiss constitutes both a failure to comply with a court order and a failure to prosecute his claims, warranting dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 2).

## II.   Standard of Review

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that, to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). In resolving the motion, the Court must assume that the facts alleged in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). The Court also considers any exhibits attached to the complaint and documents explicitly incorporated by reference. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Conner v. Cleveland Cnty.,*

*N. Carolina*, 22 F.4th 412, 428 (4th Cir. 2022) (citing *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016)).

To be clear, the purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). However, while the Court "take[s] the facts in the light most favorable to the plaintiff, … [the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

Courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Discussion</u>

Daniel's complaint does not specify whether he brings claims against the Defendants in their individual or official capacities. However, because Daniel does not allege any governmental policy or custom resulted in his wrongful arrest, and because he requests only compensatory and punitive damages (which are unavailable in official

5

capacity suits), his complaint will be interpreted as raising only individual capacity claims against the named Defendants. *See Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995); *see also Singh v. Nerhood,* No. 3:11-CV-00701, 2012 WL 4464025, at *10 (S.D.W. Va. Sept. 26, 2012).

### A. Claims against Billy Dell Runyon

Defendant Runyon moves to dismiss Daniel's complaint against him, arguing that he is entitled to judicial immunity. (ECF Nos. 22, 23). As the Supreme Court of the United States explained in *Mireles v. Waco*, judges possess an absolute immunity from suit. 502 U.S. 9, 11 (1991). Judicial immunity extends to magistrates, who serve as judicial officers. *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992). Judicial immunity insulates judicial officers from suit even where the plaintiff alleges bad faith, malice, or corruption. *Id*. This immunity is only breached where the challenged actions (1) were nonjudicial, or (2) lacked all jurisdiction. *Mireles*, 502 U.S. at 11–12. Daniel has not alleged any facts implicating either exception to immunity.

An act is judicial in nature if it is a function normally performed by a judge, and the parties dealt with the judge in his or her judicial capacity. *Myers*, 973 F.2d at 357. Daniel's allegations against Runyon relate to Daniel's arraignment. (ECF No. 1 at 2). As Runyon argues in his motion to dismiss, (ECF No. 23 at 5), arraignments are clearly judicial acts. *See Boddy v. City of Charleston*, No. 2:15-CV-16026, 2018 WL 3911015, at *3 (S.D.W. Va., July 26, 2018), *report and recommendation approved*, No. 2:15-CV-16026, 2018 WL 3876589 (S.D.W. Va., Aug. 15, 2018) (finding county magistrate was entitled to judicial immunity for actions taken during arraignment); *Smith v. Miller,* No. CIV.A. 2:07-CV-00693, 2009 WL 2762271, at *6 (S.D.W. Va., Aug. 27, 2009) ("[J]udges have absolute immunity for their judicial acts, which includes conducting

arraignments."). Daniel has likewise failed to establish that Runyon acted in the "clear absence of all jurisdiction." *See Stump v. Sparkman*, 435 U.S. 349, 357 (1978). Rule 5 of West Virginia's Rules of Criminal Procedure for Magistrate Courts provides that initial appearances and arraignments are conducted "by a magistrate of the county of the charging jurisdiction." W. Va. R. Crim. P. for Magist. Ct. 5(b). Since Daniel was charged in Wayne County, his arraignment was properly before a Wayne County Magistrate. Therefore, the undersigned **FINDS** that Daniel has not made any factual allegations which would abridge Runyon's judicial immunity, and his claims against Defendant Runyon should be dismissed.

Runyon also filed a supplemental motion to dismiss, arguing that Daniel's failure to respond to the motion to dismiss constitutes a failure to comply with a court order and a failure to prosecute his claims, either of which warrants dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 27). Because the undersigned has already determined Runyon's motion to dismiss on the merits should be granted, the undersigned **FINDS** this supplemental motion to dismiss is moot.

### B. Prosecutorial Immunity

Defendant Preece moves to dismiss Daniel's complaint against her, arguing that she is entitled to prosecutorial immunity. (ECF No. 25 at 4). Prosecutors possess an absolute immunity from suit for conduct which is "intimately associated with the judicial phase of the criminal process", including the initiation of a prosecution and presentation of the state's case. *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993). This immunity shields prosecutors from civil liability even for "malicious or dishonest action." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Absolute immunity applies where the prosecutor was serving in their role as an advocate for the state, rather than taking on investigative

7

or administrative functions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Daniel's allegations against Preece pertain to her involvement in the arraignment and preliminary hearing, the decision to charge him, and, subsequently, the decision dismiss the charges against him. (ECF Nos. 1 at 3, 24 at 5–6). These actions all fall within the prosecutor's role as an officer of the court and advocate for the state, and absolute immunity attaches to Preece's alleged acts. *Miller v. Parrish*, No. 3:12CV873-HEH, 2013 WL 12155635, at *2 (E.D. Va. Mar. 20, 2013), *aff'd sub nom. Miller v. Dew*, 539 F. App'x 125 (4th Cir. 2013) (finding prosecutorial immunity barred plaintiff's claims against prosecutor for their participation in arraignment); *Rhodes v. Smithers*, 939 F. Supp. 1256, 1268 (S.D.W. Va. 1995), *aff'd*, 91 F.3d 132 (4th Cir. 1996) ("[A] prosecutor's decision to file charges is protected by absolute immunity even if done vindictively, maliciously, or without adequate investigation."). Accordingly, the undersigned **FINDS** that Defendant Preece is shielded from liability pursuant to prosecutorial immunity, and Daniel's claims against Defendant Preece should be dismissed.

### C. Failure to State a Claim against Sheriff Thompson

Defendant Thompson moves to dismiss Daniel's claims against him, arguing that Daniel's complaint fails to state any specific factual allegations concerning Thompson. (ECF No. 25 at 7). To survive a motion to dismiss, a complaint must contain sufficient factual allegations which, accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations which merely recite the elements of a claim without specific factual content must be discarded. *Id.* at 680–81. As Thompson notes in his motion to dismiss, Daniel's complaint only makes conclusory allegations against him: "Plaintiff was wrongfully arrested […] due to the deliberate indifference of Wayne County

8

Sheriff Rick Thompson and his staff," "Plaintiff was wrongfully detained due to the deliberate indifference and negligence shown by Wayne County Sheriff Rick Thompson." (ECF No. 1 at 4). Daniel makes other allegations concerning the Sheriff's Department at large, but no allegations relate to any specific conduct by Thompson. The doctrine of *respondeat superior* does not apply to suits brought under 42 U.S.C. § 1983—superior officers cannot be held liable for the misconduct of their inferiors, absent a policy or custom permitting the misconduct. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Daniel does not allege any facts suggesting his wrongful arrest and detention were the result of any policy or custom. Allegations against other Sheriff's Department employees, or the Department in general, cannot be imputed to Thompson. Therefore, the undersigned **FINDS** that Daniel has made no factual allegations against Thompson showing he is plausibly entitled to relief; thus, Daniel has failed to state a claim against Thompson and his claims against Defendant Thompson should be dismissed.

## IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that the Motions to Dismiss by Defendants Preece, Thompson, and Runyon, (ECF Nos. 22, 24), be **GRANTED**; that Runyon's Supplemental Motion to Dismiss, (ECF No. 27), be **DENIED, as moot**; and that this civil action be **DISMISSED** against the forgoing defendants and they be **REMOVED** as parties in this action.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff and counsel of record.

**FILED**:  March 8, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge